1  Paul N. Walton, Esq.
   LAW OFFICES OF PAUL N. WALTON
2  39791 Paseo Padre Parkway, Suite G
   Fremont, CA 94538
3  Tel:   (510) 623-4100
   Fax:   (866) 206-1211
4  paul@paulwalton.com
   *Attorneys for Plaintiff*
5

6  Gregory L. Spallas, SBN 129306
   Kristin L. Oliveira, SBN 204384
7  PHILLIPS, SPALLAS & ANGSTADT LLP
   650 California Street, Tenth Floor
8  San Francisco, California 94108
   Tel:   (415) 278-9400
9  Fax:   (415) 278-9411
   gspallas@psalaw.net
10 koliveira@psalaw.net
   *Attorneys for Defendant*
11 *WAL-MART STORES, INC.*

12

13                    IN THE UNITED STATES DISTRICT COURT

14                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

15

16  DANIEL MONGE,                        ) Case No. 3:08-cv-01663 VRW
                                          )
17         Plaintiff,                     ) **JOINT CASE MANAGEMENT**
                                          ) **STATEMENT**
18     vs.                                )
                                          )
19  WAL-MART STORES, INC., a California   ) Conference: July 10, 2008, 3:30pm
    Corporation, and DOES 1-25, inclusive.) Courtroom 6
20                                        ) Hon. Vaughn R. Walker
           Defendants.                    )
21                                        )
                                          )
22  _____)

23  TO THE COURT:

24         The parties, plaintiff Daniel Monge and Wal-Mart Stores, Inc. now submit their Joint

25  Case Management Statement pursuant to the Court's Order filed May 21, 2008, the Northern

26  District of California's Standing Order effective March 1, 2007, and Local Rule 16-9.

27

28  ///

-1-
JOINT CASE MANAGEMENT STATEMENT
Case No. 3:08-cv-01663 VRW

1. **Jurisdiction and Service**

   Jurisdiction in this matter is appropriate under federal statutes 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b), as the civil action is between citizens of different states and the matter in controversy exceeds the sum of $75,000. Venue in the Northern District of California is proper since the employment relationship arose from a Wal-Mart store in Pleasanton, California. There are no additional parties to be served.

2. **Facts**

   Plaintiff Daniel Monge claims that Defendant Wal-Mart Stores discriminated against him and terminated his employment in April 2005 on the basis of his age. Plaintiff worked on the night-time janitorial crew from 1997 to 2005 and contends that a Wal-Mart manager singled him out from among a group of employees, including his own supervisor, doing the same thing the manager cited as the reason for firing Plaintiff. The other members of the group, who were 25 to 30 years younger than Plaintiff, were not fired. The manager told Plaintiff she saw him drinking coffee just before he punched out and fired him as an example to other employees. Yet the only factor that distinguished Plaintiff from the other employees who were also drinking coffee at the time was the fact that Plaintiff was 80 years old.

   Plaintiff contends that the practice of drinking coffee for the last three or four minutes of the group's work shift was a practice the cleaning crew, under the leadership and example of its supervisor, had been doing for at least seven years. The crew's supervisor was aware of this practice, approved this practice, and participated in this practice, and never raised any concerns about it with Plaintiff in the years they worked together during which he directly supervised Plaintiff's work. Until he was terminated by a different supervisor who did not work with him and who had been with the company only a few weeks, Plaintiff's employment history with Wal-Mart was positive. He did a good job and he had a good attendance record, having missed work only once in eight years when he was hospitalized.

   Defendant Wal-Mart contends it terminated plaintiff, a former hourly associate at its retail store in Pleasanton, California, for gross misconduct in April 2005. Various associates observed plaintiff loitering by the timeclock in the associate break room, instead of working, for

several minutes at a time and on more than one occasion. Plaintiff had a pattern of waiting idly by the timeclock and not working shortly before his shift was over. These actions constituted time theft and, under Wal-Mart's policies, warranted immediate termination.

Wal-Mart's Management argues that it discharged plaintiff for a legitimate, nondiscriminatory reason, and did not treat plaintiff's younger coworkers any differently under similar circumstances. Wal-Mart will demonstrate that its managers have terminated other associates, regardless of age, for time theft.

3. **Legal Issues**

The primary legal issue is if plaintiff's termination was based on his age in violation of the California Fair Employment & Housing Act (Gov't Code § 12940 *et seq.*). Plaintiff premises his wrongful termination in violation of public policy cause of action upon the same set of facts he offers in support of his age discrimination claim. (*Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167.)

Plaintiff denies any misconduct on his part and alleges that the other members of his cleaning crew also would have or should have been terminated if that were the true reason for Plaintiff's termination. Moreover, given Wal-Mart's well-publicized class action verdicts for missed meal and rest breaks, Plaintiff finds it ironic that Wal-Mart is focusing on "time theft" for its defense.

Plaintiff argues that Defendant's stated reasons for his termination were a pretext and that the true reasons concerned Plaintiff's age. His age, not his conduct, was the only factor that distinguished Plaintiff from the other members of his cleaning crew who were substantially younger than Plaintiff and who were not terminated.

Wal-Mart believes that plaintiff will not be able to meet the legal burden under *McDonnell Douglas v. Green* (1973) 411 U.S. 792, or prove that his age was a motivating reason for his discharge. (*Mixon v. Fair Employment and Housing Com.* (1987) 192 Cal.App.3d 1306) Wal-Mart contends that plaintiff's termination was for a fair and honest reason, and motivated by management's good faith belief that plaintiff had violated its legitimate and nondiscriminatory policies. (*Pugh v. See's Candies, Inc.* (1988) 203 Cal.App.3d 742.)

1  Plaintiff also contends that Wal-Mart intentionally and negligently inflicted upon him
2  emotional distress, and Wal-Mart responds that these two causes of action are barred by the
3  California's workers compensation act. (Ca. Labor Code § 3600 *et seq.; Cole v. Fair Oaks Fire*
4  *Protection Dist*. (1987) 143 Cal.3d 148, 160.) Nevertheless, plaintiff will not be able to meet the
5  elements of these causes of action as Wal-Mart's termination of plaintiff does not constitute
6  "outrageous conduct" that exceeds all bounds of that usually tolerated in a civilized community.
7  (*Davidson v. City of Westminster* (1982) 32 Cal.3d 197.)

8  4. **Motions**

9  There are no pending motions. Defendant anticipates filing a motion for summary
10  judgment/adjudication under FRCP 56.

11  5. **Amendment of Pleadings**

12  The parties do not anticipate any amendments to the pleadings but because facts may
13  come to light in discovery that may necessitate amendment(s), the parties propose a deadline of
14  September 30, 2008.

15  6. **Evidence Preservation**

16  Wal-Mart has preserved any electronic or documentary evidence reasonably related to
17  the key issues in this matter, in the same format the evidence existed at the time plaintiff filed his
18  administrative complaint with the state equal employment agency.

19  7. **Disclosures**

20  The parties made timely disclosures under Rule 26(a) on June 26, 2008. In his initial
21  disclosures, Plaintiff identified current and former Wal-Mart employees who will support his
22  claims for wrongful termination discrimination and associated claims, as well as relevant
23  documents.

24  In its initial disclosures, Wal-Mart identified current associates and managers who will
25  testify in support of its defenses and denials of plaintiff's claims. With respect to documents
26  Wal-Mart may use to support its claims or defenses, excluding documents offered solely for
27  impeachment, Wal-Mart identified statements prepared by associates, plaintiff's timeclock
28  records, plaintiff's earnings history, job description, and Wal-Mart's applicable employment

policies and handbooks.

8. **Discovery**

The parties have met and conferred, and do not now offer any modifications or proposed limitations to the discovery rules. The parties exchanged Rule 26(a) initial disclosures, and discussed the subjects upon which they will conduct discovery. Plaintiff plans to depose a number of Wal-Mart employees, including the supervisor who terminated his employment, his own supervisor that worked directly with him for eight years, the manager of Wal-Mart's Pleasanton California store, and others, and will serve written discovery requests he anticipates will support his claims, including those for wrongful termination and discrimination.

Defendant will depose plaintiff and any witnesses he identifies in written discovery to obtain information which plaintiff believes supports his contention Wal-Mart discriminated against him due to his age, wrongfully terminated him, and intentionally caused him to suffer emotional distress. Defendant will propound written discovery, including specially-prepared interrogatories, document requests, and requests for admission. Wal-Mart will propound discovery requests by July 15, 2008.

The parties do not believe it is necessary to conduct discovery in phases or limit demands to focus on any particular issues. At this time, the parties do not envision any claims of privilege or protection of trial-preparation materials, nor do the parties seek changes to the FRCP or local rule limitations on discovery.

9. **Class Actions**

This is not a class action.

10. **Related Cases**

There are no related cases or proceedings pending before another judge of the court, or before any other court or administrative body.

11. **Relief**

Plaintiff seeks general damages, special damages, punitive damages under California Civil Code Section 3294, attorney's fees allowed by statute, interest on damages according to proof at legal rate, costs of suit, pre-judgment interest at the legal rate of 10 percent per annum

-5-
JOINT CASE MANAGEMENT STATEMENT
Case No. 3:08-cv-01663 VRW

1  under California Civil Code Section 2391, and other further relief the court deems just and
2  proper.
3      In particular, plaintiff calculates his damages as follows:
4      Plaintiff was earning approximately $28,000 per year at the time of his termination in
5  April 2005. He has tried to mitigate his lost wages by finding other work but is now 83 and has
6  been unable to become reemployed. He estimates his lost wages for the past three years as
7  approximately $85,000 plus interest. In addition to lost wages, Plaintiff requests $250,000 in
8  general damages for emotional distress and an additional $250,000 in punitive damages for the
9  deliberate conduct of the Defendant in terminating his employment in violation of California age
10 discrimination laws.
11     Defendant contends that if plaintiff establishes liability, a finder of fact should calculate
12 plaintiff's wage loss damages based on his hourly wage, $12.71, at the time of termination.
13 Defendant will explore in discovery if plaintiff has mitigated his damages, and, as he was 80
14 years-old at the time of termination, his expected date of retirement.
15     Plaintiff points out that although he is currently 83, he is healthy, able, and willing to
16 work and would have continued to do so for the past three years and beyond. He had no plans to
17 retire at the time of his termination and would still be working with no plans to retire if Wal-
18 Mart had not wrongfully terminated his employment.
19     There are no counterclaims or crossclaims at issue.
20 12. **Settlement and ADR**
21     The parties have informally discussed settlement, and recently agreed to participate in the
22 Voluntary Dispute Resolution Process. The parties will attend an Early Neutral Evaluation
23 session within 90 days from the date of the ADR Order. If settlement attempts fail either during
24 or following the ENE session, the parties may pursue mediation with the VDRP unit or request
25 the court schedule a settlement conference.
26 13. **Consent to Magistrate Judge for All Purposes**
27     Plaintiff consents to a magistrate judge. Defendant declined the jurisdiction of a
28 magistrate.

-6-
JOINT CASE MANAGEMENT STATEMENT
Case No. 3:08-cv-01663 VRW

1  14.  **Other References**

2      The parties do not believe that this case is suitable for reference to binding arbitration, a
3  special master, or the Judicial Panel of Multidistrict Litigation.

4  15.  **Narrowing of Issues**

5      The parties will stipulate to the length of plaintiff's employment with Wal-Mart, his
6  hourly wage at the time of termination, and the date of plaintiff's discharge. Defendant requests
7  the court bifurcate the issues of liability and punitive damages. Plaintiff believes liability and
8  punitive damages should not be bifurcated.

9  16.  **Expedited Schedule**

10     The parties believe that the below suggested scheduling demonstrates that they are
11 willing to handle this matter on an expedited basis.

12 17.  **Scheduling**

13     a.  Experts

14     The parties will disclose experts and exchange of expert reports by February 20, 2009,
15 and disclose supplemental experts and exchange supplemental experts by March 6, 2009. The
16 parties will complete expert discovery complete by March 20, 2009.

17     b.  Discovery Cut-Off

18     The parties suggest completing all written discovery, such that the responding party must
19 answer any written demands by January 30, 2009.

20     c.  Hearing of Dispositive Motions

21     The parties propose that the court schedule Thursday, May 7, 2009 as the last day for the
22 court to hear dispositive motions.

23     d.  Pretrial Conference

24     The parties propose a pretrial conference to occur on Thursday, May 28, 2009, at 3:30
25 p.m.

26     e.  Trial

27     The parties propose a trial date of June 22, 2009.

28 ///

18. **Trial**

Plaintiff has requested a jury trial. The parties anticipate the expected length of trial will be four (4) to six (6) days once a jury has been selected.

19. **Disclosure of Non-Party Interested Entities or Persons**

Wal-Mart has filed a Disclosure of Non-Party Interested Entities with the Court as required by Civil Local Rule 3-16. Wal-Mart identified "Sam's West, Inc."

20. **Miscellaneous Matters**

Defendant notes that the court has referred to the action as titled "*Daniel Monge v. Wal-Mart Associates, Inc.*" in electronic notices, but the accurate caption of this action, per plaintiff's Complaint and First Amended Complaint, is "*Daniel Monge v. Wal-Mart Stores, Inc.*"

SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL COUNSEL

Pursuant to Civil Local Rule 16-12, each of the undersigned certifies that he or she has read the brochure entitled "Dispute Resolution Procedures in the Northern District of California" discussed the available dispute resolution option provided by the court and private entities and has considered whether this case might benefit from any of the available dispute resolution options.

Dated: July 2, 2008        LAW OFFICES OF PAUL N. WALTON

_/s/ Paul N. Walton_____
Paul N. Walton
Attorneys for Plaintiff
DANIEL MONGE

Dated: July 2, 2008        PHILLIPS, SPALLAS & ANGSTADT LLP

_/s/ Kristin L. Oliveira_____
Gregory L. Spallas
Kristin L. Oliveira
Attorneys for Defendant
WAL-MART STORES, INC.

JOINT CASE MANAGEMENT STATEMENT
Case No. 3:08-cv-01663 VRW

1  I, Kristin L. Oliveira, attest that counsel for plaintiff, Paul N. Walton, has concurred in
2  the filing of this document and I have obtained permission from Mr. Walton to file this
3  document.

5  Dated: July 2, 2008                           /s/ Kristin L. Oliveira